UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | S1 23 Cr. 65 (CM) |
| MOSHE ROSENFELD, | |
| Defendant. | |

## OVERVIEW

The Grand Jury charges:

1.      From at least in or about May 2020 through at least in or about September 2020, MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman," and others known and unknown, engaged in a scheme to obtain approximately $4 million in Government-guaranteed loans through two loan programs of the United States Small Business Administration (the "SBA") designed to provide relief to small businesses during the COVID-19 pandemic, namely the Paycheck Protection Program ("PPP") and the Economic Injury Disaster Loan Program ("EIDL"), by means of false and fraudulent representations and documents submitted on behalf of various purported businesses that they owned and controlled.

2.      In connection with these loan applications, MOSHE ROSENFELD, the defendant, and Zvi Zigelman, a/k/a "Aron Zigelman" represented, among other things, that those businesses had over two hundred employees and paid millions of dollars in wages to those employees on a monthly basis.  In fact, those business had no employees, and no such wages were paid. To support the false representations, ROSENFELD and Zigelman submitted fraudulent tax records and doctored bank records to the SBA and federally-insured U.S. banks.

3.      As a result of the above-described fraud scheme, the SBA approved and disbursed

at least approximately $942,000 EIDL Program loan funds, and a bank approved and disbursed approximately $411,000 in PPP loan funds. The EIDL Program and PPP funds were not used for employee payroll or other permissible purposes pursuant to the terms of the loans. Rather, most of the loan funds were funneled into bank accounts or a personal online trading account controlled by MOSHE ROSENFELD, the defendant, or Zvi Zigelman, a/k/a "Aron Zigelman".

## COUNT ONE
### (Conspiracy to Commit Bank Fraud and Wire Fraud)

The Grand Jury further charges:

4.      The allegations set forth in paragraphs 1 through 3 are repeated and realleged, and incorporated by reference as if fully set forth herein.

5.      From at least in or about May 2020 through at least in or about September 2020, in the Southern District of New York and elsewhere, MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman", and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343.

6.      It was a part and an object of the conspiracy that MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman," and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, ROSENFELD and Zigelman engaged in a scheme to obtain approximately $4 million in Government-guaranteed loans from federally-insured banks through the PPP and

2

EIDL programs by means of false and fraudulent representations and documents.

7.     It was further a part and an object of the conspiracy that MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman", and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code, Section 1343, to wit, ROSENFELD and Zigelman engaged in a scheme to obtain approximately $4 million in Government-guaranteed loans from the SBA and federally-insured financial institutions through the PPP and EIDL programs by means of false and fraudulent representations and documents, and sent and received, and caused others to send and receive, wires and electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
**(Conspiracy to Make False Statements to Banks and the SBA)**

The Grand Jury further charges:

8.     The allegations set forth in paragraphs 1 through 3 are repeated and realleged, and incorporated by reference as if fully set forth herein.

9.     From at least in or about May 2020 through at least in or about September 2020, in the Southern District of New York and elsewhere, MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman", and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense

3

against the United States, to wit, false statements for the purpose of influencing the actions of financial institutions, the deposits of which were then federally insured, in violation of Title 18, United States Code, Section 1014, and false statements for the purpose of influencing the actions of the SBA, in violation of Title 15, United States Code, Section 645(a).

10.     It was a part and an object of the conspiracy that MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman", and others known and unknown, would and did knowingly make false statements or reports for the purpose of influencing the actions of a financial institution, the accounts of which were then federally insured, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, to wit, ROSENFELD and Zigelman made false statements in loan applications to federally-insured banks regarding, among other things, the number of employees at and amount of wages paid to employees of various companies, for the purpose of obtaining over $1 million in Government-guaranteed loans through the PPP program.

11.     It was further a part and an object of the conspiracy that MOSHE ROSENFELD, the defendant, Zvi Zigelman, a/k/a "Aron Zigelman", and others known and unknown would and did knowingly make false statements for the purpose of obtaining a loan for an applicant, and influencing in any way the action of the SBA, and obtaining money, property and anything of value, under Chapter 14 of Title 15 of the United States Code, to wit, ROSENFELD and Zigelman made false statements to the SBA regarding, among other things, the number of employees at various companies, for the purpose of obtaining over $2 million in Government-guaranteed loans through the EIDL Program administered by the SBA.

Overt Acts

12.     In furtherance of the conspiracy, and to effect the illegal object thereof, the

4

following overt acts, among others, were committed in the Southern District of New York and elsewhere:

        a.        On or about May 21, 2020, Zvi Zigelman, a/k/a "Aron Zigelman" submitted a PPP loan application for USA DIP Corporation ("USA DIP" and the "USA DIP Application," respectively) to a federally-insured bank headquartered in Atlanta, Georgia, that contained false information regarding USA DIP's number of employees and average monthly payroll.

        b.        On or about May 27, 2020, Zigelman transferred $30,000 in PPP loan funds, which had been obtained from Bank-1 on or about May 26, 2020 in connection with the USA DIP Application, to a bank account held in the Southern District of New York associated with Zigelman's personal online trading account controlled.

        c.        On or about June 5, 2020, MOSHE ROSENFELD, the defendant, submitted a PPP loan application for Rose 123 Consulting LLC ("Rose 123") to an entity responsible for processing PPP applications for a federally-insured bank headquartered in Salt Lake, Utah, that contained false information regarding Rose 123's number of employees and average monthly payroll.

        d.        On or about June 16, 2020, ROSENFELD submitted an EIDL loan application for Rose 123 to the SBA that contained false information regarding Rose 123's number of employees and gross revenue.

        e.        On or about June 24, 2020, Zigelman submitted an EIDL loan application for 1808 Ave P LLC ("1808 Ave P" and the "1808 Ave P Application," respectively) to the SBA that contained false information regarding 1808 Ave P's number of employees and gross revenue.

        f.        On or about July 7, 2020, Zigelman transferred $50,000 in EIDL loan funds, which had been obtained from the SBA on that same day in connection with the 1808 Ave P

Application, to a bank account held in the Southern District of New York associated with Zigelman's personal online trading account.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

13.     As a result of committing the offenses alleged in Counts One and Two of this Indictment, MOSHE ROSENFELD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third person;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

03/16/23
CA

INDICTMENT Filed

KN MARKS
USMJ

7